UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Keystone Northeast, Inc., f/k/a Pavers Plus GSP, Inc., assignee of Madawaska Brick and Block Corp., <br><br> Plaintiff, <br><br> vs. <br><br> Keystone Retaining Wall Systems, LLC, f/k/a Keystone Retaining Wall Systems Inc., a division and wholly owned subsidiary of Contech Construction Products, Inc., <br><br> Defendants. | Civil Action No.: 6:12-cv-720-BHH <br><br> **Opinion and Order** |

This matter is before the Court on Defendants' motion for expenses and attorney's fees. (ECF No. 82.) For the reasons set forth herein, the Court grants Defendants' motion and orders Plaintiff to pay $4,899.56 to Defendants within the next sixty (60) days.

**BACKGROUND**

This diversity action arises out of a dispute over a licensing agreement between a privately held South Carolina company, Plaintiff Keystone Northeast, Inc. ("Keystone Northeast"), and its licensor, Defendant Keystone Retaining Wall Systems, LLC, f/k/a Keystone Retaining Wall Systems, Inc. ("KRWS"), which is a subsidiary of Defendant Contech Construction Products, Inc. ("Contech").

On July 2, 2014, Plaintiff's counsel from the firm of Clawson and Staubes filed a motion to withdraw (ECF No. 80), on the grounds that the Plaintiff had terminated their

1

representation. Defense counsel filed a response (ECF No. 83), indicating that Defendants did not oppose the motion to withdraw, but that they objected to any further extension of the scheduling order. Defendants also requested fees and costs for a deposition that was cancelled on the morning it was scheduled to occur because of the termination of Plaintiff's counsel. (ECF No. 82.) Plaintiff's counsel from Clawson and Staubes moved for an extension of time to respond to the motion for fees and requested that the Court set a hearing to consider the motion to withdraw as counsel.

The Court held a hearing on July 22, 2014, at which it granted the motion by Plaintiff's counsel to withdraw, granted Plaintiff an extension of time to respond to the motion for fees until August 8, and instructed the Plaintiff that he needed to retain new counsel as soon as possible and, in any event, no later than the August 8 deadline to respond to the motion for fees. On August 6, Paul Swain Landis of the Fayssoux Law Firm entered an appearance on behalf of Plaintiff, and on August 8, he filed a response in opposition to the motion for fees. (ECF No. 96.) Defendants replied in support of the motion for fees on August 18. (ECF No. 97.)

The Court now turns to the facts giving rise to the motion for fees. In support of the motion, Defendants submitted the affidavit of Paul G. Joyce, of the firm of Colucci & Gallaher, P.C., in Buffalo, New York. (ECF No. 82-2.) Mr. Joyce is an attorney for Defendants who is admitted in this jurisdiction *pro hac vice*. On June 23, 2014, Plaintiff noticed the depositions of John Schramm and Ed Zax, two representatives of Defendants. (ECF No. 82-2 ¶ 2.) Mr. Schramm's deposition was scheduled to take place on Monday, June 30 at 9:00 a.m. local time in Minnesota, and Mr. Zax's

deposition was scheduled to take place on Wednesday,[1] July 2 at 10:30 a.m. local time in Atlanta. (*Id.*) On Saturday, June 28, 2014, Mr. Joyce and other counsel received the following email from a representative of Plaintiff's counsel, which was attached as Exhibit A to the motion for fees:

> Gentlemen:
>
> We regret to report that we will need to postpone and reschedule the deposition of John Schramm scheduled for Monday, June 30. Our client is having technical issues as well as severe physical limitations that prevent him from participating in the preparation of the Schramm deposition. ***We intend to move forward with the Ed Zax deposition in Atlanta, scheduled for Wednesday, July 2.***
>
> I apologize for any inconvenience this may cause, but I assure you this could not be avoided. Please confirm receipt of this email.

(ECF No. 82-1 (emphasis added).)

In response to this email, Mr. Joyce cancelled a June 29 flight from Buffalo to Minneapolis, changed his Minneapolis to Atlanta flight to a direct flight from Buffalo to Atlanta on July 1, and met with Mr. Zax on July 1 for approximately six hours to prepare for the deposition scheduled the following day. (ECF No. 82-2 ¶¶ 4, 6.) On the morning of July 2, Paul Hammack, who was then serving as Plaintiff's counsel at the time, called Mr. Joyce to tell him that the Plaintiff was discharging Clawson and Staubes as its counsel, and that the deposition of Mr. Zax could not go forward. (ECF No. 82-2 ¶ 8.) Mr. Joyce paid $50 to catch an earlier flight and left Atlanta. Defendants seek the following costs and fees that they allege they incurred as a result of the last-minute cancellation of the Zax deposition:

---

[1] The Affidavit of Mr. Joyce indicates that the deposition of Mr. Zax was to occur on *Tuesday* July 2, but July 2 was actually a Wednesday. This appears to be a mistake in the affidavit, and the Court understands from the motion and attached correspondence that the deposition of Mr. Zax was scheduled to take place on Wednesday, July 2.

1. $1,060.00 for the cost of Mr. Joyce's direct flight from Buffalo to Atlanta,
2. $200.00 for the cost of cancelling the flight from Buffalo to Minneapolis and changing the flight from Minneapolis to Atlanta to a direct flight from Buffalo to Atlanta.
3. $50.00 for the cost of moving Mr. Joyce's flight out of Atlanta to an earlier time;
4. $147.06 for the cost of Mr. Joyce's hotel in Atlanta;
5. $1,822.50 for 6.75 hours of travel time at Mr. Joyce's hourly rate of $270.00;
6. $1,620.00 for 6 hours of deposition preparation that Mr. Joyce conducted with Mr. Zax on July 1, the day before the deposition was scheduled to take place.

The costs and fees set forth above total $4,899.56.

## DISCUSSION

Federal Rule of Civil Procedure 30(g) provides:

**Failure to Attend a Deposition or Serve a Subpoena; Expenses.** A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
   **(1)** attend and proceed with the deposition; or
   **(2)** serve a subpoena on a nonparty deponent, who consequently did not attend.

Plaintiff concedes he should pay for the lodging and transportation expenses Defendants incurred as a result of the cancelled depositions, but argues that "Rule 30(g) does not apply because the depositions were cancelled prior to a party or counsel attending." (Mem. in Opp'n to Def's Mot. for Expenses and Atty.'s Fees 2, ECF No. 96.) However, "[c]ourts have consistently interpreted Rule 30(g) to allow an award of expenses and attorney's fees where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other party." *Pine Lakes Int'l Country Club v. Polo Ralph Lauren Corp.*, 127 F.R.D. 471, 472 (D.S.C. 1989). Sufficed to say, cancelling an out-of-town deposition on the morning it is scheduled is not typically sufficient notice.

4

The Court is aware that parties in litigation may from time to time be forced to cancel or reschedule depositions or other proceedings because of exigent circumstances outside of their control. While the litigants are expected to act in good faith and to provide as much notice as possible, parties will sometimes be required to bear their costs and tolerate the inconvenience in such instances.[2] Here, however, the evidence before the Court suggests that the circumstances that led the Plaintiff to cancel the Zax deposition were entirely self-inflicted. Plaintiff certainly has a right to terminate his counsel, but he does not have a right to shift the costs of that decision to the other side.

Plaintiff also objects to Defendants' motion to the extent that it seeks attorney's fees "since it appears such fees were devoted toward preparing a defense in this case." The Court finds the argument unpersuasive. The value of stale deposition preparation is limited at best, especially given the time that has passed while Defendants have waited for Plaintiff to secure substitute counsel. The Court would be much more receptive to an argument that the burden of the lost time and fees should be shared had it been presented with circumstances beyond the Plaintiff's control. Finally, the Court finds that the time and fees claimed by counsel in this case are reasonable and the rate applied is within the range of fees customarily charged for such work in this jurisdiction.[3]

---

[2] The Court notes that Defendants have not sought any type of fees in relation to the cancellation of the June 30 deposition in Minnesota, except to the extent that they incurred fees in reshuffling counsel's transportation to Atlanta.

[3] The Court is not required to conduct an analysis under the twelve-factor test described in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir.1978) where a party seeks attorney's fees for another party's failure to appear at a deposition or comply with discovery requests or as a sanction. *See, e.g.*, *Green v. Foley*, 907 F.2d 1137 (4th Cir. 1990) (rejecting the argument that the district court erred in failing to consider the *Barber* factors in awarding sanctions under Rule 11); *Pine Lakes Int'l Country Club*, 127 F.R.D. at 472 (omitting any discussion of the *Barber* factors in awarding fees under Federal Rule of Civil Procedure 30(g)). Additionally,

## **CONCLUSION**

For the reasons set forth above, the Court grants Defendants' motion for expenses and attorney's fees and orders Plaintiff to pay Defendants $4,899.56 within the next sixty (60) days.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 22, 2014
Greenville, South Carolina

---

while Plaintiff has argued that Defendants are not entitled to attorney's fees, he has not argued that defense counsel's hourly rate and the time expended on travel and deposition preparation were unreasonable. *See Stupay v. Embassy of the Sultanate of Oman*, 187 F.3d 631 (4th Cir. 1999) (holding that the lower court was not required to apply the *Barber* factors where the parties agreed that the rates charged were reasonable, but disputed whether fees should have been granted). Nevertheless, the Court has reviewed the *Barber* factors and believes that the fees sought by counsel would satisfy the criteria were they applicable.

6