UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Keystone Northeast, Inc., f/k/a Pavers Plus GSP, Inc., assignee of Madawaska Brick and Block Corp., <br><br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>Keystone Retaining Wall Systems, LLC, f/k/a Keystone Retaining Wall Systems Inc., a division and wholly owned subsidiary of Contech Construction Products, Inc.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No.: 6:12-cv-720-BHH<br><br>**Opinion and Order** |

　　　　This matter is before the Court following entry of the Court's Orders dated March 17, 2015 (ECF No. 131) and March 25, 2015 (ECF No. 141) and a hearing conducted on March 26, 2015 regarding the need for a jury to determine damages. Based on the submissions underlying these orders and the matters submitted and considered at the hearing, the Court enters the following Order.

　　　　The Court has concluded that Defendants breached their obligation to make payments to Plaintiff under the Transfer Agreements. As to damages for the breach, the express terms of those Transfer Agreements required Defendants to pay to Plaintiff fees "based on sales of units manufactured" in the transferred territories. *See, e.g.*,

1

Gagne Transfer Agreement, § 3; Jandris Transfer Agreement, § 4; Hiway Transfer Agreement, § 3.[1]

Without waiving their right to appeal this Court's underlying rulings, the parties do not dispute the square footage sales from January 1, 2009, to February 28, 2015, for products sold by Gagne, Jandris and Hiway. For retaining wall products not identified on the respective Schedules C of the Transfer Agreement, the Court has, consistent with the parties' course of performance, used a 50% allocation of the royalty charged by Keystone for the respective products not identified on Exhibits C to the Transfer Agreement. The Court has not included non-retaining wall products, such as pavers or edgers, as part of the damages. Based on the above, the annual fees are:

a. Gagne Transfer Agreement:

| 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | GAGNE TOTAL |
|---|---|---|---|---|---|---|---|
| $42,345 | $51,325 | $35,379 | $35,743 | $47,643 | $34,295 | ($90)[2] | $246,641 |

b. Jandris Transfer Agreement:

| 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | JANDRIS TOTAL |
|---|---|---|---|---|---|---|---|
| $39,139 | $37,816 | $41,099 | $28,701 | $17,722 | $23,062 | $121 | $187,660 |

c. Hiway Transfer Agreement

| 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | HIWAY TOTAL |
|---|---|---|---|---|---|---|---|

---

[1] The Transfer Agreements also each contain an "Exhibit C" setting forth the allocation of fees between the parties for the specific products.

[2] The 2015 sales for Gagne resulted in a negative number due to return of products previously sold.

| $35,545 | $42,787 | $31,136 | $47,151 | $75,376 | $57,798 | $1,681 | $291,474 |

The calculations above result in a total of $725,775 in past damages under the three Transfer Agreements.

Furthermore, the Court concludes that pre-judgment interest should apply to these damages.  Because the Transfer Agreements lack a choice of law provision, the Court will apply South Carolina substantive law, including its law on pre-judgment interest.  South Carolina Code § 34-31-20 applies a rate of 8.75% to the fees under Exhibit C, as they "capable of being reduced to certainty based on a mathematical calculation previously agreed to by the parties."  *Dixie Bell, Inc. v. Redd*, 376 S.C. 361, 370, 656 S.E.2d 765, 769 (Ct. App. 2007) (citations omitted).  To arrive at the amount of interest for each year, the Court has adopted the "South Carolina interest factor" submitted by Plaintiff's expert in his most recent report.[3]  The calculation of interest is set forth below:

---

[3] Although the Court elects to use the expert's interest factor, the Court declines to use the expert's calculation of proposed lost royalties.  The parties agreed that fees would only be due "based on sales of units manufactured" in the transferred territories.  See, e.g., Gagne Transfer Agreement, § 3; Jandris Transfer Agreement, § 4; Hiway Transfer Agreement, § 3.

3

| Year | Total Fees | SC Factor | Interest | Interest Calculation |
|---|---|---|---|---|
| 2009 | $117,029 | 0.4949 | | $57,918 |
| 2010 | $131,928 | 0.4145 | | $54,684 |
| 2011 | $107,614 | 0.3269 | | $35,179 |
| 2012 | $111,595 | 0.2393 | | $26,705 |
| 2013 | $140,741 | 0.1514 | | $21,308 |
| 2014 | $115,155 | 0.06364 | | $7,328 |
| 2015 | $1,712 | 0.01008 | | $17 |
| TOTAL INTEREST | | | | $203,140 |

Defendants argued that future damages are speculative because Plaintiff's future damages are largely dependent upon a continuing relationship between KRWS and Gagne, Hi-Way, and Jandris – the duration and details of which cannot be forecast to a reasonable certainty.[4] Defendants argued that specific performance, vis-à-vis reinstatement of Plaintiff's Transfer Agreements, would be a more appropriate remedy. The Court agrees that there are considerable uncertainties and contingencies concerning the parties' obligations going forward that would involve improper guesswork and speculation by the jury. As a result, the Court has concluded that the more appropriate remedy is to order specific performance of the Transfer Agreements. The Court will, therefore, order Defendants to make payments to Plaintiff based on sales of

---

[4] Defendants filed a Motion to Exclude the Testimony of John R. Markel (ECF No. 133) pursuant to Rule 702 of the Federal Rules of Evidence the principles set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Said Motion was denied by the Court's March 25, 2015 Order (ECF No. 141).

units manufactured in the transferred territories by Gagne, Jandris, and Hiway for the products set forth in Exhibit C to each agreement and according to the specific fee schedule set forth in those Exhibits C.  Defendants are also to make payments for new retaining wall products using the same 50% allocation described above.  Defendants are not obligated to make payments on non-retaining wall products, such as pavers or edgers.

At the hearing on March 26, 2015, the parties reserved their respective rights to appeal as to various issues and prior rulings of the Court.  The Court has considered the parties' arguments but stands by its rulings and this Order, understanding that each party has the right to appeal these issues and rulings or any other appealable matter. The parties' submission of proposed orders as requested by the Court is without prejudice to these rights to appeal.

As to the judgment of past damages, Defendants may post a bond or other adequate security to stay enforcement of the judgment if appeal is taken.  As to the judgment ordering continuing payments according to the Transfer Agreements, in the event an appeal is taken, Defendants are ordered to pay these amounts into an escrow account maintained by a federally-insured institution and to maintain adequate documentation to explain and confirm the amounts deposited.

WHEREFORE, the Court ORDERS:

1. Plaintiff shall be entitled to a judgment of $725,775 in past damages under the three Transfer Agreements;

2. Plaintiff shall be entitled to prejudgment interest in the amount of $203,140.

5

3. The Court reinstates the 1999 Gagne Transfer Agreement, the 2000 Jandris Transfer Agreement, and the 2000 Hi-Way Transfer Agreement, effective immediately. Defendants are ordered to make payments due under these agreements effective March 1, 2015.

4. Plaintiff's remaining claims are dismissed *with prejudice*.

5. The Parties shall bear their own costs.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 31, 2015
Greenville, South Carolina

6